## MEYERS v. W. L. PHILBRICK, Inc.

Circuit Court, Dade County.

May 12, 1952.

Richard J. Hays and Seymour J. Simon of Von Zamft, Simon & Lake, Miami, for plaintiff.

S. Grover Morrow of Morrow & Mayes, Miami, for defendant.

CHARLES A. CARROLL, Circuit Judge.

The plaintiff claims to have acquired title to a certain lot, numbered 1, under a 1946 conveyance, for value and without knowledge of any other claims to the lot. The defendant, who owns the adjoining lot, numbered 2, is alleged to have taken possession of the plaintiff's lot, numbered 1, and it is also alleged, by inference, that defendant has, or claims, some interest by virtue of the recording of certain instruments affecting lot 1, which, though dated in 1942, were not recorded until after plaintiff's deed was acquired and recorded. There is also a question of a possible encroachment by defendant by having a building extend on to lot 1.

The prayer is to quiet title and for declaratory decree to determine the rights of the parties under the respective instruments. First, as an effort to invoke the jurisdiction of this court for declaratory decree purposes, the bill is not well founded. The plaintiff claims to be a fee simple title owner under an instrument or deed about which there is no question. The declaratory decree is sought with reference to certain instruments which come before the plaintiff's deed, to which the plaintiff is not a party. As to those instruments, the plaintiff claims no rights or interest, but plaintiff's claim is antagonistic to any rights purportedly created or conferred by said other instruments. Therefore, a declaratory decree may not be invoked as to them by this plaintiff.

Furthermore, there would be no need to construe or interpret the instruments in question. Plaintiff alleges that he acquired lot no. 1 by deed, for value and without knowledge of those instruments. Under those circumstances, even if the other instruments were in the form of absolute warranty deeds purporting to convey title to the lot to other persons, but if they had not been recorded prior to plaintiff's deed, and if plaintiff had no knowledge of them, plaintiff would not be affected by them.

Second, as to the feature of defendant's possession of the lot, an action of ejectment would appear appropriate if the matter of defendant's possession and present use of the lots was all that was involved.

However, in addition to defendant's possession, there is the feature of the existence on record of the other instruments which are claimed to constitute clouds on the title, and it is appropriate to resort to equity to remove said instruments as clouds. That can be done, notwithstanding defendant's possession, under a

cumulative Act relating to quieting title and removing of clouds, Chapter 11383, Laws of 1925, which appears in section 66.16, et seq., Florida Statutes 1951. Under that Act, where a person claims title and seeks to have his title determined and established (section 66.16), or when a claim has been asserted which casts a cloud on plaintiff's title (section 66.17), then even though the defendant in possession requests a jury trial, provision shall be made for trial by jury by transferring the cause to the law side of the court to be docketed for trial at the next term (section 66.16). While this bill does ask to have the title quieted, it does not expressly invoke the statute which has been mentioned, so there is no way the court can tell what procedure the plaintiff seeks to follow. For example, certain types of allegation are required to be included in a bill brought under that Act (see section 66.18). If the bill should be re-framed to meet the requirements of that statute, it would be appropriate to remain in equity.

It is accordingly ordered that the motion to dismiss be and it is hereby granted. Plaintiff is granted leave to file an amended bill, and 10 days is fixed as the time for filing same, whereupon defendant shall have 10 days from the time of service upon it of a copy thereof in which to plead to same. If plaintiff elects not to file an amended bill within such period the cause shall stand dismissed without further order of court.